**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**No. 24-CR-00879-JB-15**

**vs.**

**ROBERTA HERRERA,**

**Defendant.**

**DEFENDANT ROBERTA HERRERA MOTION TO COMPEL
TIMELY PRODUCTION OF *GIGLIO* MATERIALS**

Defendant Roberta Herrera, through undersigned counsel, respectfully moves this Court pursuant to the Fifth, Sixth, and Eighth Amendments to the United States Constitution, for an order directing the Government to timely produce impeachment as well as exculpatory evidence for all cooperating government witnesses, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963) and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972).

**BACKGROUND**

On June 25, 2025, Ms. Herrera was charged by way of Superseding Indictment with possession with intent to distribute 400 grams and more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a)(vi); possession with intent to distribute 1 kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i); possession with intent to distribute 500 grams and more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); conspiracy to commit drug trafficking, in

1

violation of 21 U.S.C. § 846, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(C)(1)(A)(i) [Doc. 225].

She pleaded not guilty to all charged at an arraignment on July 3, 2025 [Doc. 289]. The Magistrate Court issued a standard discovery Order, directing the United States to timely disclose all *Brady*, *Giglio*, and Jencks Act materials, and noted that failure to do so may result in exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or other court sanctions [Doc. 290, ¶ 7].

This matter is currently set for jury trial on August 24, 2026 [Doc. 608]. At the time of filing, six defendants remain for trial, and ten have pleaded guilty. Ms. Herrera and counsel anticipate that at least some of the defendants who have pleaded guilty may be called by the United States as cooperating witnesses at trial. The First Amended Scheduling Order directs the United States to file its witness list by July 27, 2026, approximately one month before trial.

Ms. Herrera makes this request for a timely disclosure of *Giglio* materials, to occur either before, or at least contemporaneously, with the disclosure of a witness list.

**LEGAL ARGUMENT**

Due Process requires the United States to disclose all evidence that "is material to guilt or to punishment", including evidence that aids the defense in impeaching government witnesses by exposing bias or interest. *Brady + Giglio*. "When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general

2

rule." *Giglio*, 405 U.S. at 154. In *United States v. Bagley*, the Supreme Court reaffirmed this holding, "[i]mpeachment evidence … as well as exculpatory evidence falls within the *Brady* rule. Such evidence is favorable to the accused so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." *Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375 (1985) (internal cites omitted). "The government bears the burden of producing exculpatory materials; defendants have no obligation to first point out that such materials exist." *United States v. DeLeon*, 426 F.Supp.3d 878, 897 (D.N.M. 2019) (citing *Kyles v. Whitely*, 514 U.S. 419, 437 (1995)).

Here, Ms. Herrera specifically requests timely disclosure of the following:

1. All consideration received by cooperating witnesses, whether financial or legal or otherwise, including but not limited to any correspondence or communication relating to a reduction in sentence or judgment;

2. Any threats or coercions made to cooperating witnesses, whether in the form of threatened criminal prosecutions or investigations, whether pending or not pending;

3. Any additional impeachment information, including but not limited to prior false or erroneous statements made by a cooperating witness, whether sworn or unsworn.

Regarding the timing of the disclosure – "[t]he obligation of the prosecution to disclose evidence under *Brady v. Maryland* can vary depending on the phase of the criminal proceedings and the evidence at issue." *DeLeon*, 426 F.Supp.3d at 897-98

(internal cite omitted). "The Tenth Circuit has recognized, however, that 'it would eviscerate the purpose of the *Brady* rule and encourage gamesmanship were we to allow the government to postpone disclosures to the last minute, during trial." *Id.*, quoting *United States v. Burke*, 571 F.3d 1048, 1054 (10th Cir. 2009).

Ms. Herrera specifically requests the United States be directed to provide all *Brady* and/or *Giglio* material for any cooperating witnesses in a timely manner – at the least contemporaneously with the filing of the United States' witness list. This Court has previously ordered the United States to produce, "all cash payments" to cooperating witnesses **two months** prior to trial. *See DeLeon*, 426 F.Supp at 909. In doing so, this Court reminded the United States that its "duties extend beyond cash payments to all consideration and benefits given to the cooperating witnesses." *Id.* Ms. Herrera requests this Court issue a similar deadline here.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Ms. Herrera respectfully requests this Court order the Government to timely disclose all *Giglio* materials as outlined above.

Respectfully Submitted,

*Electronically filed April 13, 2026*

*/s/ Mallory Gagan*
Attorney for Defendant Roberta Herrera
Gagan Law, LLC
620 Roma NW
Albuquerque, NM 87102
(505) 448-4384
mallory@gaganlawfirm.com

4